IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH CHATTMAN, | No. C 07-0729 JSW (PR) |
| Petitioner, | **ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY** |
| vs. | |
| RANDY GROUNDS, | |
| Respondent. | |

Petitioner, a prisoner of the State of California, has filed a habeas corpus petition pursuant to 28 U.S.C. § 2254. This Court ordered Respondent[1] to show cause why a writ should not issue. Respondent filed an answer and a memorandum of points and authorities in support of the answer. He also lodged the record with the Court. Petitioner has filed a traverse. For the reasons stated below, the petition is denied on the merits.

## BACKGROUND

In 1984 Petitioner was convicted of first degree murder in Ventura County Superior Court. He was sentenced to prison for a term of seven years to life. This petition is directed to a 2004 denial of parole by the Board of Prison Terms.

---

[1] The respondents named in the petition are J. Tilton, who Petitioner identifies as the Director of Corrections; J. Davis, who he identifies as the Chair of the Board of Parole Hearings, and B. Curry, then warden of the Correctional Training Facility ("CTF"), where Petitioner is housed. The proper respondent on a petition for a writ of habeas corpus is the person in charge of the facility where the habeas petitioner is housed. *Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994). To the extent that the order to show cause might be interpreted as directed to Tilton and Davis, it is annulled. Randy Grounds, the Acting Warden of CTF, is substituted for respondent Curry pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

**DISCUSSION**

**I.  Standard of Review**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified under 28 U.S.C. § 2254, provides "the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment, even when the Petitioner is not challenging his underlying state court conviction." *White v. Lambert*, 370 F.3d 1002, 1009-10 (9th Cir. 2004). Under AEDPA, this Court may entertain a petition for habeas relief on behalf of a California state inmate "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The writ may not be granted unless the state court's adjudication of any claim on the merits: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Id.* at § 2254(d). Under this deferential standard, federal habeas relief will not be granted "simply because [this] court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 411 (2000).

While circuit law may provide persuasive authority in determining whether the state court made an unreasonable application of Supreme Court precedent, the only definitive source of clearly established federal law under 28 U.S.C. § 2254(d) is in the holdings (as opposed to the dicta) of the Supreme Court as of the time of the state court decision. *Id.* at 412; *Clark v. Murphy*, 331 F.3d 1062, 1069 (9th Cir. 2003).

**II.  Respondent's Claims**

In order to preserve the issues for appeal, Respondent argues that California prisoners have no liberty interest in parole, and that if they do, the only due process

protections available are a right to be heard and a right to be informed of the basis for the denial – that is, Respondent contends there is no due process right to have the result supported by sufficient evidence.  Because these contentions are contrary to Ninth Circuit law, they are without merit.  *See Irons v. Carey*, 479 F.3d 658, 662 (9th Cir. 2007) (applying "some evidence" standard used for disciplinary hearings as outlined in *Superintendent v. Hill*, 472 U.S. 445-455 (1985)); *Sass v. California Bd. of Prison Terms*, 461 F.3d 1123, 1128-29 (9th Cir. 2006) (the some evidence standard identified in *Hill* is clearly established federal law in the parole context for purposes of § 2254(d)); *McQuillion v. Duncan*, 306 F.3d 895, 902 (9th Cir. 2002) ("California's parole scheme gives rise to a cognizable liberty interest in release on parole.").

### III.  Petitioner's Claims

Petitioner contends that there was not "some reliable evidence" to support the denial of parole.

The Ninth Circuit has held that due process requires that parole denials be supported by "some evidence in the record" and not be "otherwise arbitrary." *Irons v. Carey*, 479 F.3d 658, 662 (9th Cir. 2007) (applying "some evidence" standard used for disciplinary hearings as outlined in *Superintendent v. Hill*, 472 U.S. 445-455 (1985)); *McQuillion*, 306 F.3d at 904 (same).  Ascertaining whether the some evidence standard is met "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence.  Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the [parole] board." *Hill*, 472 U.S. at 455-56; *see also Sass*, 461 F.3d at 1128.  "[The] some evidence standard  is minimal, and assures that 'the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary.'" *Sass*, 461 F.3d at 1129 (quoting *Hill*, 472 U.S. at 457).

It is now established under California law that the task of the Board of Parole Hearings and the governor is to determine whether the prisoner would be a danger to society if he or she were paroled.  *See In re Lawrence*, 44 Cal. 4th 1181 (2008).  The

3

constitutional "some evidence" requirement therefore is that there be some evidence that the prisoner would be such a danger, not that there be some evidence of one or more of the factors that the regulations list as factors to be considered in deciding whether to grant parole. *Id.* at 1205-06.

The chairman of the Board read into the record, without objection, this summary of the facts of the crime, taken from a probation officer's report:

> On 7/13/87, at 1630 hours, Oxnard Police Department responded to the report of shots being fired in the parking lot of Elmo's Bright Spot Bar . . . . Officers observed the victim, L. D. Jackson, slumped over the driver's seat with a bullet hole in his right temple. An expended 223 caliber cartridge was located near the vehicle. An autopsy was performed . . . and the cause of death was determined to be a single gunshot wound to the head. The victim apparently died instantly. Officers interviewed several witnesses who reported that prior to this incident they observed the victim . . . and Kenneth Chattman arguing in Nulg . . . Park. Jackson brandished a knife and Chattman threatened him. They both left the area a short time later. The witnesses observed Chattman and his brother, Elmo Chattman, junior, driving into the parking lot of Elmo's Bright Spot Bar. The witnesses observed Kenneth Chattman exit the vehicle with a rifle and shoot Mr. Jackson. Chattman then returned to the vehicle and left the scene at a high rate of speed.

(Ex. 4, pt. 1 at 8-9.) Petitioner agreed that this was how the crime occurred. (*Id.* at 9.)

The nature of the offense was one basis for the Board's conclusion that Petitioner would be a danger to society if paroled. At the time of the hearing in 2004 Petitioner was forty-five years old and had served a bit more than twenty-five years on his indeterminate sentence of seven years to life. This significant passage of time certainly reduces the evidentiary value of the offense itself, but the Court concludes that the particularly calculating and callous nature of the offense – the sentencing judge called it an "assassination" (*id.* at 16) – still is entitled to some weight; whether that would be enough in itself to constitute "some evidence" need not be resolved, because the denial also is supported by other evidence. There was evidence at the hearing that Petitioner had failed to sufficiently participate in self-help programs, such as Alcoholics Anonymous. (*Id.*, pt. 1- pt. 2 at 28-33, 49.) There also was evidence that Petitioner had a pattern of not conforming to institutional rules, although because the most recent disciplinary violation report was only a minor counseling memorandum issued in April

4

of 2003, this ground for denial is not particularly weighty. (*Id.* pt. 2 at 33-35.) The combination of the circumstances of the offense and these post-offense factors constitutes "some evidence."

Petitioner also contends that the evidence supporting the denial was not "reliable," and thus that relying on it was a violation of his due process rights.

The Ninth Circuit stated in *McQuillion v. Duncan*, 306 F.3d 895 (9th Cir. 2002), that to comply with due process a parole denial must not only be supported by "some evidence," but it must have some indicia of reliability. *Id.* at 904. This was repeated in another parole case, *Biggs v. Terhune*, 334 F.3d 910, 915 (9th Cir. 2003). The *McQuillion* court quoted and cited *Jancsek v. Oregon Board of Parole*, 833 F.2d 1389 (1987). *McQuillion*, 306 F.3d at 904. In *Jancsek* the court held that due process requires that a parole denial be supported by "some evidence," reasoning that *Superintendent v. Hill*, 472 U.S. 445, 456 (1985), which applied that standard to prison disciplinary decisions that affected the length of the prisoner's incarceration, should apply in parole cases because grant or denial of parole also affects the length of incarceration. *Id.* at 1390. As relevant here, however, *Jancsek* also held, without explanation or discussion, that the "some evidence" relied upon by the Board must have "some indicia of reliability." *Id. Jancsek*, in its turn, cited *Cato v. Rushen*, 824 F.2d 703, 705 (9th Cir.1987), a disciplinary case, in which the court was squarely presented with the question whether "some evidence" must possess some indication of reliably, and answered "yes." *Id.* at 705. *Cato* cited two cases from other circuits, *Mendoza v. Miller*, 779 F.2d 1287 (7th Cir. 1985), and *Kyle v. Hanberry*, 677 F.2d 1386 (11th Cir. 1982), as support. Like *McQullion*, *Biggs*, *Jancsek*, and *Cato*, those cases did not point to a Supreme Court case that imposed a reliability requirement. *See Mendoza*, 779 F.2d at 1295; *Kyle*, 677 F.2d at 1390-91.

None of the cases discussed above identified a Supreme Court case that imposed the reliability requirement, and this Court has found none. As a consequence, even if the evidence upon which the Board relied here did not have indicia of reliability, that lack

5

would not be a violation of "clearly established Federal law, as determined by the Supreme Court of the United States," and thus would not be grounds for federal habeas relief. *See* 28 U.S.C. § 2254(d). Accordingly, the state courts' denial of this claim was not contrary to, or an unreasonable application of, clearly established Supreme Court authority.

## IV.    Appealability

The federal rules governing habeas cases brought by state prisoners have recently been amended to require a district court that denies a habeas petition to grant or deny a certificate of appealability in the ruling. *See* Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 (effective December 1, 2009).

A Petitioner may not appeal a final order in a federal habeas corpus proceeding without first obtaining a certificate of appealability (formerly known as a certificate of probable cause to appeal). *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A judge shall grant a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The certificate must indicate which issues satisfy this standard. *See id.* § 2253(c)(3). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: the Petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

For the reasons set out above, jurists of reason would not find the result debatable. A certificate of appealability will be denied.

## CONCLUSION

The petition for a writ of habeas corpus is DENIED. A certificate of appealability is DENIED. The Clerk shall close the file.

**IT IS SO ORDERED.**

DATED: February 19, 2010.

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

G:\JSWALL\Pro-Se Prisoner\2007\Chattman729.ruling-parole.wpd

6

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

KENNETH CHATTMAN,

      Plaintiff,

  v.

J DAVIS et al,

      Defendant.

Case Number: CV07-00729 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 19, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Kenneth Chattman
C05576
P.O. Box 689
Soledad, CA 93960

Dated: February 19, 2010

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk